# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SUSANNAH Q. CAREY,

                Plaintiff,

v.                                                     Case No. 00-C-1256

MILWAUKEE TEACHERS' EDUCATION
ASSOCIATION and MILWAUKEE BOARD
OF SCHOOL DIRECTORS,

                Defendants.

## DECISION AND ORDER

On November 15, 2002, this Court granted the defendants' motion for summary judgment and entered judgment against the *pro se* plaintiff, Susannah Carey ("Carey"). Carey appealed that judgment and, in an unpublished order dated November 3, 2003, the Court of Appeals for the Seventh Circuit affirmed the decision of this Court finding that Carey's claims of disability discrimination were barred by the applicable statute of limitations.

On February 5, 2004, Carey sent this Court a letter with attachments, which she claimed constituted "new evidence." Approximately fifteen months later, on July 29, 2005, she filed a motion to reopen judgment. Though somewhat muddled, the motion to reopen essentially references the documents attached to the aforementioned February 5th letter.

Those attachments–the claimed "new evidence"– consist of: (1) a document entitled "Renewal of Application for Professional Position" completed by Carey and dated August 22, 2001; (2) an "Application for Professional Position" also completed by Carey and dated August 22, 2001; (3) some communications between Carey and the Milwaukee Public Schools; and (4) copies of motions filed in the Court of Appeals. Carey asserts that these applications for re-employment constitute evidence of discrimination insofar as the Milwaukee Public Schools did not respond thereto. (*See* Letter from S. Carey to Chief J. Randa (Feb. 5, 2004).)

Rule 60(b) of the Federal Rules of Civil Procedure states that a court may relieve a party from a final judgment, order, or proceeding for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60. Rule 60 further states that motions for relief from judgments should be made within a reasonable time, and, if a party is claiming new evidence, "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*.

This Court entered judgment on November 15, 2002. Carey did not submit her "new evidence" until February 5, 2004 and did not move for reconsideration until July 29, 2005. Whichever date is considered, Carey's motion falls outside the time frame prescribed by Rule 60. Carey thinks that the pendency of her appeal tolled the one-year time limit of Rule 60. (*See* Pl. S.Q. Carey Reply to Milwaukee Bd. of Sch. Directors' and Milwaukee Teachers' Educ. Assoc' [sic] Responses to Pl.'s Mot. to Reopen J. at 1-2.) She is mistaken. The taking

2

of an appeal does not extend the one-year period. *See Bershad v. McDonough*, 469 F.2d 1333, 1336 (7th Cir. 1972); *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971).

Thus, Carey's motion for relief from the judgment of this Court must fail. However, lest Carey should feel she has been given short shrift, the Court also examined the documents that she proffers as "new evidence." Substantively, to prevail on her motion, Carey must satisfy the following prerequisites:

> 1. The evidence was discovered following trial;
> 2. Due diligence on the part of the movant to discover the new evidence is shown or may be inferred;
> 3. The evidence is not merely cumulative or impeaching;
> 4. The evidence is material; and
> 5. The evidence is such that a new trial would probably produce a new result.

*In re Chicago, Milwaukee, St. Paul & Pacific R.R. Co.*, 78 F.3d 285, 293-94 (7th Cir. 1996). Carey was aware of the proffered documents well before judgment was entered against her; in fact, she completed the applications and received or wrote the other communications that she now brings to the Court. At any rate, these documents are not material and would not have resulted in a different judgment. Carey's motion fails both procedurally and substantively.

There is another motion, in addition to Carey's, pending before the Court. The Milwaukee Board of School Directors ("MBSD") asks the Court to impose sanctions under Rule 11 of the Federal Rules of Civil Procedure. MBSD claims that Carey's motion to reopen, both frivolous and specious, is tantamount to harassment. MSBD also points to

3

Carey's previous filing activities in this action, including no less than five motions for contempt and at least two motions to withdraw motions for contempt. Carey has not responded to MSBD's request for sanctions.

Rule 11 of the Federal Rules of Civil Procedure permits courts to impose sanctions on parties for various reasons, including the filing of motions for improper purposes such as to harass or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b). MSBD's exasperation is understandable. Carey's most recent motion contains grounds that are neither factually nor legally tenable. Her motion is frivolous. Neither Carey's *pro se* status nor her attempts to cobble some specious argument in support of her position provides excuse for her strained attempts to resuscitate her action.

The Court grants MSBD's request for sanctions. Carey's motion to reopen the judgment is contrived and farcical in its claim that her applications to the Milwaukee Public Schools constitute "new evidence." Carey is no fool; in her motion, she intelligently argued that the pendency of her appeal tolled the time for filing her Rule 60 motion. It is a clever argument and one that flies in the face of the law. This contrivance is in keeping with a docket evidencing Carey's willingness to expend her adversary's time and energies on motions having little value.

4

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Carey's Motion to Reopen Judgment (Docket No. 148) is **DENIED**.

Defendant Milwaukee Board of School Directors' Motion for Sanctions under F.R.C.P. 11 (Docket No. 152) is **GRANTED** based on Carey's filing of a factually baseless and legally frivolous motion to reopen judgment. Carey is warned that the submission of further motions, based on frivolous facts or erroneous law, may result in monetary sanctions for the payment of attorney fees, costs and/or penalties for future deterrence.

Dated at Milwaukee, Wisconsin this 8th day of November, 2005.

          **BY THE COURT**

          s/ Rudolph T. Randa
          **Hon. Rudolph T. Randa**
          **Chief Judge**